FILED

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

13 FEB 19 PM 2:50

UNITED STATES OF AMERICA

v.                                              CASE NO. 8:12-CR-150-T-24EAJ

LUIS DULUC,                                     18 U.S.C. § 1349
MARGARITA GRISHKOFF, and                        18 U.S.C. § 1347
ROBERTO FERNANDEZ GONZALEZ                      18 U.S.C. § 1035(a)(2)
    a/k/a "Roberto Fernandez"                   18 U.S.C. § 1028A(a)(1)
                                                18 U.S.C. § 1957
                                                18 U.S.C. § 982(a)(1) (forfeiture)
                                                18 U.S.C. § 982(a)(7) (forfeiture)

## SUPERSEDING INDICTMENT

The Grand Jury charges:

### COUNT ONE
### (Conspiracy to Commit Health Care Fraud)
### (18 U.S.C. § 1349)

#### Introduction

At all times material to this Indictment:

**A.    The Medicare Program**

1.      The Medicare Program ("Medicare") was a federal "health care benefit
program," as defined by Title 18, United States Code, Section 24(b), that provided
medical benefits, items and services (collectively "services") to persons age 65 and
older or with certain disabilities (hereinafter "beneficiaries").

2.      Medicare included coverage under two primary components, hospital
insurance (Part A) and medical insurance (Part B).  Part A of Medicare ("Medicare
Part A") was a hospital insurance program that covered beneficiaries for, among
other things, inpatient care in hospitals and rehabilitation services that would be

covered by Medicare if furnished in an inpatient hospital setting.  Part B of Medicare ("Medicare Part B") provided supplemental medical insurance to beneficiaries for, among other things, medically-necessary outpatient care and physical/occupational therapy services.

      3.     The Centers for Medicare and Medicaid Services ("CMS"), an agency within the United States Department of Health and Human Services, oversaw and administered Medicare throughout the United States.  CMS divided the United States into geographic regions and contracted with various companies in those regions to assist in the administration of Medicare.  First Coast Service Options, Inc. ("First Coast") was responsible for administering Medicare in Florida, by virtue of its contract with CMS.  In particular, First Coast was responsible for receiving, processing, and paying Medicare Part A and Medicare Part B claims that were submitted by Florida-based Medicare providers.

**B.**    **Comprehensive Outpatient Rehabilitation Facility (CORF)**

      4.     A Comprehensive Outpatient Rehabilitation Facility ("CORF") was a non-residential facility primarily engaged in providing diagnostic, therapeutic, and restorative services to outpatients for the rehabilitation of the injured and disabled or to patients recovering from illness.  CORFs were required to provide a comprehensive, coordinated, skilled rehabilitation program for its patients, that included, at a minimum, CORF physicians' services, physical therapy services, and social or psychological services.  In addition to this basic package of medically necessary skilled rehabilitation services, CORFs could also furnish to its patients, among other things, occupational therapy and respiratory therapy services

2

(collectively referred to as "CORF services"). Although CORF services were billed under Medicare Part A, such services were reimbursed with Medicare Part B funds. Ultimately, CORF services were reimbursable by Medicare, if those services would be covered by Medicare in an inpatient hospital setting.

5.      To become a patient of a CORF, the Medicare beneficiary had to be under the care of a physician (the "referring physician") who certified that the beneficiary required CORF services. The referring physician had to advise the CORF of the beneficiary's medical history, current diagnosis and medical findings, and desired rehabilitation goals. In addition, CORF services could only be furnished under a written plan of treatment established and signed by a physician who had recently evaluated the patient. To be reimbursable under Medicare, CORF services had to be reasonable and medically necessary for the diagnosis or treatment of an illness or injury or to improve the functioning of a malformed body member.

C.    **Outpatient Physical Therapy provider (OPT)**

6.      An Outpatient Physical Therapy provider ("OPT") was a freestanding facility that provided outpatient physical therapy, occupational therapy, and speech-language pathology services ("OPT services") to Medicare beneficiaries under a written plan of treatment. This written plan of treatment had to be established and signed by a physician or non-physician practitioner who recently evaluated the patient.  Furthermore, OPT patients were required to be under the care of a physician or non-physician practitioner who ordered or certified the need for OPT services. OPTs had to maintain clinical records for all patients. OPT services provided to Medicare beneficiaries were covered by Medicare Part B.

3

Although OPT services were subject to an annual payment cap, Medicare Part B could still reimburse for OPT services exceeding the cap as long as they were medically necessary.

**D.     CORFs and OPTs as Medicare Providers**

7.     To become a qualified Medicare provider, a CORF or OPT first had to apply for and obtain a "Medicare Identification Number" (commonly referred to as a "provider number"), which was used for identification and billing purposes.

8.     If a Florida-based CORF or OPT with a Medicare provider number changed ownership, the new owner, in order to continue participating in Medicare, was required to submit a Form CMS 855A, Medicare Enrollment Application, to First Coast.  Pursuant to the Medicare enrollment application, the new CORF or OPT owner was required to certify that he or she would not knowingly present or cause to be presented a false or fraudulent claim for reimbursement under Medicare.

**E.     Medicare Claims Procedure**

9.     Medicare assigned a unique health insurance claim number ("HICN") to each beneficiary for billing and identification purposes.   The HICN consisted of the social security number of the beneficiary.  For a claim to be processed by Medicare, the HICN had to be valid and belong to an actual person.

10.     Physicians or non-physician practitioners who certified the beneficiary's need for CORF or OPT services and the therapists who provided such services, were also assigned unique identification numbers, which consisted of a National Provider Identifier ("NPI") and/or a Unique Physician Identification Number

4

("UPIN"). These identification numbers were also used for billing and identification purposes.

11.  Payments for CORF or OPT services rendered under Medicare were often made directly to the CORF or OPT rather than to the beneficiary. For this to occur, the Medicare beneficiary would assign the right of payment to the CORF or OPT. Once such an assignment was made, the CORF or OPT would submit the Medicare claims for reimbursement and would receive Medicare payments directly from First Coast. In some cases, Florida-based CORFs and OPTs used third-party billing companies to submit their Medicare claims to First Coast.

12.  To seek reimbursement under Medicare, a CORF or OPT, or its third-party billing company, would submit to First Coast, a health insurance claim form (the "Medicare claim form"), either electronically or in paper format. A Medicare claim form submitted by a CORF or OPT was required to include certain information, including, but not limited to:

   (a)  the Medicare beneficiary's name and HICN;

   (b)  the CORF's or OPT's name, address, and provider number;

   (c)  the name and NPI or UPIN of the physician who certified the need for the CORF or OPT services and, in some cases, the name and NPI of the therapist who personally provided those services to the Medicare beneficiary;

   (d)  the date upon which the CORF or OPT services were provided to the Medicare beneficiary; and

(e)     the specific type of CORF or OPT services that were provided to the Medicare beneficiary, as reflected by the Current Procedural Terminology ("CPT") code corresponding to such service.  The CPT was a systematic listing and coding of medical procedures and services performed by Medicare providers, including CORFs and OPTs.  Each procedure or service was identified by a five-digit code.  CORFs and OPTs used CPT codes to certify the type of services that had been provided to the beneficiary and for which reimbursement was being sought under Medicare; First Coast, as the administrator of Medicare in Florida, used the CPT codes to determine the appropriate amount to be paid under Medicare for those services.

13.     If the CORF's or OPT's Medicare claim was approved, a substantial portion of the total amount of the claim was paid either by check (made payable to the CORF or OPT) or by wire transfer to an account designated by the CORF or OPT.

F.     **The Defendants**

14.     Defendant **LUIS DULUC**, who was a resident of Florida, acquired various CORFs and OPTs in the state of Florida, and served as an officer and director of such entities, for the purpose of executing a scheme and artifice to defraud Medicare by falsely and fraudulently billing for CORF and OPT services that were not provided to Medicare beneficiaries.

6

15.    Defendant **MARGARITA GRISHKOFF**, who was a resident of Florida, acquired various CORFs and OPTs in the state of Florida, and served as an officer and director of such entities, for the purpose of executing a scheme and artifice to defraud Medicare by falsely and fraudulently billing for CORF and OPT services that were not provided to Medicare beneficiaries.

16.    Defendant **ROBERTO FERNANDEZ GONZALEZ (a/k/a "Roberto Fernandez")** who was a resident of Florida, served as a nominee owner of an OPT called Rehab Dynamics, Inc., which was actually owned by defendants LUIS DULUC and MARGARITA GRISHKOFF and used by the defendants to falsely and fraudulently bill Medicare.

G.    **The Defendants' Entities**

17.    **Ulysses Acquisitions, Inc. ("Ulysses Acquisitions")** was a Delaware corporation registered with the Florida Department of State, Division of Corporations, and doing business in Fort Myers, Lee County, Florida. Ulysses Acquisitions was used by defendants LUIS DULUC and MARGARITA GRISHKOFF to purchase CORFs and OPTs for the purposes of falsely and fraudulently billing Medicare out of millions of dollars.

18.    **West Coast Rehab, Inc. ("West Coast Rehab")** was a Florida corporation, doing business at 4048 Evans Avenue, Suite 203, Fort Myers, Lee County, Florida. West Coast Rehab was a CORF that defendants LUIS DULUC and MARGARITA GRISHKOFF acquired through their holding company, Ulysses Acquisitions, and used to falsely and fraudulently bill Medicare for CORF services that were not rendered to Medicare beneficiaries.

7

19.     **Rehab Dynamics, Inc. ("Rehab Dynamics")** was a Florida corporation, doing business at 1531 South Tamiami Trail, Unit 702B, Venice, Sarasota County, Florida.  Rehab Dynamics was an OPT that defendants LUIS DULUC and MARGARITA GRISHKOFF acquired through their holding company, Ulysses Acquisitions.  ROBERTO FERNANDEZ GONZALEZ (a/k/a "Roberto Fernandez") later became the nominee owner of Rehab Dynamics.  Defendants LUIS DULUC, MARGARITA GRISHKOFF, and  ROBERTO FERNANDEZ GONZALEZ (a/k/a "Roberto Fernandez") used Rehab Dynamics to falsely and fraudulently bill Medicare for OPT services that were not rendered to Medicare beneficiaries.

20.     **Polk Rehabilitation, Inc. ("Polk Rehab")** was a Florida corporation, doing business at 1326 State Road 60 East, Suite 200, Lake Wales, Polk County, Florida.  Polk Rehab was a CORF that defendants LUIS DULUC and MARGARITA GRISHKOFF acquired through their holding company, Ulysses Acquisitions, and used to falsely and fraudulently bill Medicare for CORF services that were not rendered to Medicare beneficiaries.

21.     **Renew Therapy Center of Port St. Lucie, LLC ("Renew Therapy")** was a Florida corporation doing business at 1850/1854 S.E. Port St. Lucie Boulevard, Port St. Lucie, St. Lucie County, Florida.  Renew Therapy was a CORF that defendants LUIS DULUC and MARGARITA GRISHKOFF acquired through their holding company, Ulysses Acquisitions, and used to falsely and fraudulently bill Medicare for CORF services that were not rendered to Medicare beneficiaries.

8

### H.   The Co-Conspirator Clinics

22.   **Hallandale Rehabilitation, Inc. ("Hallandale Rehab")** was a Florida corporation, doing business in Hialeah, Florida.  Hallandale Rehab was a CORF, owned and operated by co-conspirator Clodomiro Perez, that purportedly specialized in skilled rehabilitation services.

23.   **Tropical Physical Therapy Corporation ("Tropical P.T.")** was a Florida corporation, doing business in Doral, Florida.  Tropical P.T. was a CORF, owned and operated by co-conspirator Clodomiro Perez, that purportedly specialized in skilled rehabilitation services.

24.   **American Wellness Centers, Inc. ("American Wellness")** was a Florida corporation, doing business in Coral Gables, Florida.  American Wellness was a CORF, owned and operated by co-conspirator Clodomiro Perez, that purportedly specialized in skilled rehabilitation services.

25.   **R&R Outpatient, LLC ("R&R Outpatient")** was a Florida corporation doing business in Fort Myers and Ocala, Florida.  R&R Outpatient was an OPT, owned and operated by co-conspirator Jose Pascual, that purportedly specialized in physical and occupational therapy services.

26.   **West Regional Center, Inc. ("West Regional")** was a Florida corporation doing business in Hialeah, Florida.  West Regional was a CORF, co-owned by co-conspirator Loammy Marquez, that purportedly specialized in skilled rehabilitation services.

27.     In truth and fact, Hallandale Rehab, Tropical P.T., American Wellness,

R&R Outpatient, and West Regional (the **"Co-Conspirator Clinics"**), like the

defendants' clinics—West Coast Rehab, Rehab Dynamics, Polk Rehab, and Renew

Therapy—were bogus CORFs and OPTs used to falsely and fraudulently bill

Medicare.  Defendants LUIS DULUC, MARGARITA GRISHKOFF, and ROBERTO

FERNANDEZ GONZALEZ (a/k/a "Roberto Fernandez") solicited and allowed the

owners and operators of the Co-Conspirator Clinics, in exchange for a substantial

fee, to submit false and fraudulent Medicare claims for reimbursement to First Coast

through West Coast Rehab, Rehab Dynamics, Polk Rehab, and Renew Therapy for

services not rendered to Medicare beneficiaries.

## The Conspiracy

28.     Beginning on an unknown date, but at least as early as on or about

June 14, 2005, and continuing through and including at least on or about October 2,

2009, in Duval, Lee, Marion, Polk, and Sarasota Counties, within the Middle District

of Florida, and elsewhere, the defendants herein,

LUIS DULUC,
MARGARITA GRISHKOFF,
and
ROBERTO FERNANDEZ GONZALEZ
a/k/a "Roberto Fernandez",

in connection with the delivery of and payment for health care benefits, items, and

services, did knowingly and willfully combine, conspire, confederate and agree with

others, known and unknown to the Grand Jury, including Clodomiro Perez, Jose

Pascual, and Loammy Marquez, to violate Title 18, United States Code, Section

10

1347, that is, to execute and attempt to execute a scheme and artifice to defraud Medicare, a health care benefit program affecting commerce, as defined in Title 18, United States Code, Section 24(b), and to obtain, by means of materially false and fraudulent pretenses, representations, and promises, money and property owned by, and under the custody and control of, Medicare.

## Manner and Means of the Conspiracy

29.    The manner and means by which the defendants sought to accomplish the objects of the conspiracy included, among other things:

(a)    It was part of the conspiracy that conspirators would and did purchase pre-existing CORFs and OPTs with pre-assigned Medicare provider numbers, including West Coast Rehab, Rehab Dynamics, Polk Rehab, and Renew Therapy, for purposes of submitting false and fraudulent Medicare claims for reimbursement to First Coast;

(b)    By purchasing West Coast Rehab, Rehab Dynamics, Polk Rehab, and Renew Therapy, it was further part of the conspiracy that conspirators would and did acquire the medical records maintained by these entities, including the names and HICNs of Medicare beneficiaries;

(c)    It was further part of the conspiracy that conspirators would and did submit Medicare enrollment applications and/or related Medicare forms to First Coast, identifying themselves as the new owners, officers, and administrators of West Coast Rehab, Rehab Dynamics, Polk Rehab, and Renew Therapy for purposes of continuing their participation in Medicare;

11

(d)     It was further part of the conspiracy that conspirators would and did open and maintain bank accounts at various financial institutions in the names of West Coast Rehab, Rehab Dynamics, Polk Rehab, and Renew Therapy;

(e)     It was further part of the conspiracy that conspirators would and did pay patient recruiters to obtain personal identifying information of Medicare beneficiaries, including beneficiaries' names and HICNs, for purposes of falsely billing Medicare;

(f)     It was further part of the conspiracy that conspirators would and did directly submit and cause various third-party billing companies to submit fraudulent Medicare claims for reimbursement to First Coast, for CORF and OPT services not rendered by West Coast Rehab, Rehab Dynamics, Polk Rehab, or Renew Therapy;

(g)     It was further part of the conspiracy that conspirators would and did submit, and cause to be submitted, fraudulent Medicare claims for reimbursement to First Coast using the means of identification of Medicare beneficiaries (*e.g.,* names and HICNs) and physicians (*e.g.,* names and UPINs), without their knowledge and consent;

(h)     It was further part of the conspiracy that conspirators would and did deposit millions of dollars in fraudulently-obtained Medicare funds into various bank accounts and distributed those fraud proceeds among the conspirators;

12

(i)     It was further part of the conspiracy that conspirators would and did use nominee owners, like ROBERTO FERNANDEZ GONZALEZ (a/k/a "Roberto Fernandez"), to hide the fact of their ownership interest in, and profits derived from, the CORFs and OPTs they used to fraudulently bill Medicare;

(j)     It was further part of the conspiracy that conspirators would and did solicit and accept bogus patient records and billing forms from the Co-Conspirator Clinics for purposes of submitting fraudulent Medicare claims for reimbursement to First Coast using the provider numbers of West Coast Rehab, Rehab Dynamics, Polk Rehab, and Renew Therapy;

(k)     It was further part of the conspiracy that conspirators would and did retain, as a fee, 15% to 20% of the funds paid out by Medicare as a result of the fraudulent claims for reimbursement submitted on behalf of the Co-Conspirator Clinics;

(l)     After collecting their 15% to 20% fee, it was further part of the conspiracy that conspirators would and did pay the Co-Conspirator Clinics their portion of the fraudulently-obtained Medicare funds, which typically amounted to 80% to 85% of the total amount paid by Medicare on the false claims; and

(m)    It was further part of the conspiracy that conspirators and others would and did perform acts and make statements to hide and conceal, and cause to be hidden and concealed, the purposes of, and the acts done in furtherance of, said conspiracy.

All in violation of Title 18, United States Code, Section 1349.

13

## COUNTS TWO through SIXTEEN
### (Health Care Fraud - 18 U.S.C. § 1347)
### (Rehab Dynamics, Polk Rehab, and Renew Therapy)

### Introduction

1.      The Grand Jury hereby re-alleges Paragraphs 1 through 27 of Count One of this Indictment and incorporates by reference those paragraphs as though fully set forth herein.

### The Scheme and Artifice

2.      Beginning on an unknown date, but at least as early as on or about December 19, 2006, and continuing through and including at least on or about October 2, 2009, in Duval, Lee, Marion, Polk, and Sarasota Counties, within the Middle District of Florida, and elsewhere, the defendants herein,

LUIS DULUC<br>
and<br>
MARGARITA GRISHKOFF,

in connection with the delivery of and payment for health care benefits, items, and services, did knowingly and willfully execute and attempt to execute a scheme and artifice to defraud Medicare, a health care benefit program affecting commerce, as defined in Title 18, United States Code, Section 24(b), and to obtain, by means of materially false and fraudulent pretenses, representations, and promises, money and property owned by, and under the custody and control of, Medicare.

## Manner and Means of the Scheme and Artifice

3.     The substance of the manner and means of the scheme and artifice to defraud is described in Paragraphs 29(a) through 29(m) of Count One of this Indictment, and the Grand Jury hereby re-alleges and incorporates by reference those paragraphs as though fully set forth herein.

## Execution of the Scheme and Artifice

4.     On or about the dates set forth below as to each individual count, in the Middle District of Florida, and elsewhere, for the purpose of executing, attempting to execute, and aiding and abetting the execution of the aforesaid scheme and artifice to defraud Medicare, a health care benefit program affecting commerce, as defined in Title 18, United States Code, Section 24(b), and to obtain, by means of materially false and fraudulent pretenses, representations, and promises, money and property owned by, and under the custody and control of, Medicare, the defendants herein did submit and cause to be submitted the following false and fraudulent claims for reimbursement to Medicare for services not rendered:

| COUNT | BENEFICIARY | LISTED PROVIDER | DATE OF PURPORTED SERVICE | DATE OF CLAIM | AMOUNT CLAIMED | AMOUNT PAID BY MEDICARE |
|-------|-------------|-----------------|---------------------------|---------------|----------------|-------------------------|
| TWO | M.M. | Rehab Dynamics | 8/31/2007 | 9/20/2007 | $83.00 | $59.42 |
| THREE | M.H. | Rehab Dynamics | 9/19/2007 | 9/20/2007 | $62.00 | $44.30 |
| FOUR | E.R. | Rehab Dynamics | 9/24/2007 | 10/8/2007 | $82.80 | $59.42 |
| FIVE | B.W. | Rehab Dynamics | 1/9/2008 | 2/5/2008 | $30.00 | $19.74 |

15

| COUNT | BENEFICIARY | LISTED PROVIDER | DATE OF PURPORTED SERVICE | DATE OF CLAIM | AMOUNT CLAIMED | AMOUNT PAID BY MEDICARE |
|---|---|---|---|---|---|---|
| SIX | R.W. | Rehab Dynamics | 1/25/2008 | 3/6/2008 | $60.00 | $42.75 (sent to escrow) |
| SEVEN | K.B. | Polk Rehab | 2/18/2008 | 2/26/2008 | $30.00 | $22.33 |
| EIGHT | G.S. | Polk Rehab | 1/11/2008 | 4/2/2008 | $30.00 | $22.06 (check voided) |
| NINE | T.M. | Polk Rehab | 1/14/2008 | 4/3/2008 | $30.00 | $22.63 (check voided) |
| TEN | P.H. | Polk Rehab | 1/21/2008 | 4/3/2008 | $30.00 | $12.30 (check voided) |
| ELEVEN | R.Y. | Polk Rehab | 2/11/2008 | 4/3/2008 | $30.00 | $22.63 (check voided) |
| TWELVE | J.W. | Polk Rehab | 2/15/2008 | 4/3/2008 | $30.00 | $19.74 (check voided) |
| THIRTEEN | M.O. | Renew Therapy | 6/11/2008 | 6/24/2008 | $30.13 | $23.19 |
| FOURTEEN | G.L. | Renew Therapy | 6/25/2008 | 8/15/2008 | $30.13 | $23.19 |
| FIFTEEN | E.S. | Renew Therapy | 8/4/2008 | 8/18/2008 | $27.91 | $20.44 |
| SIXTEEN | M.B. | Renew Therapy | 3/24/2008 | 8/27/2008 | $30.13 | $23.19 |

All in violation of Title 18, United States Code, Sections 1347 and 2.

## COUNTS SEVENTEEN through TWENTY
### (Health Care Fraud - 18 U.S.C. § 1347)
### (Rehab Dynamics under Nominee Ownership)

### Introduction

1.     The Grand Jury hereby re-alleges Paragraphs 1 through 27 of Count

One of this Indictment and incorporates by reference those paragraphs as though

fully set forth herein.

### The Scheme and Artifice

2.     Beginning on an unknown date, but at least as early as on or about

January 18, 2008, and continuing through and including at least on or about March 6,

2008, in Duval, Lee, and Sarasota Counties, within the Middle District of Florida, and

elsewhere, the defendants herein,

LUIS DULUC,
MARGARITA GRISHKOFF,
and
ROBERTO FERNANDEZ GONZALEZ
a/k/a "Roberto Fernandez",

in connection with the delivery of and payment for health care benefits, items, and

services, did knowingly and willfully execute and attempt to execute a scheme and

artifice to defraud Medicare, a health care benefit program affecting commerce, as

defined in Title 18, United States Code, Section 24(b), and to obtain, by means of

materially false and fraudulent pretenses, representations, and promises, money and

property owned by, and under the custody and control of, Medicare.

17

## Manner and Means of the Scheme and Artifice

3.       The substance of the manner and means of the scheme and artifice to defraud is described in Paragraphs 29(a) through 29(m) of Count One of this Indictment, and the Grand Jury hereby re-alleges and incorporates by reference those paragraphs as though fully set forth herein.

## Execution of the Scheme and Artifice

4.       On or about the dates set forth below as to each individual count, in the Middle District of Florida, and elsewhere, for the purpose of executing, attempting to execute, and aiding and abetting the execution of the aforesaid scheme and artifice to defraud Medicare, a health care benefit program affecting commerce, as defined in Title 18, United States Code, Section 24(b), and to obtain, by means of materially false and fraudulent pretenses, representations, and promises, money and property owned by, and under the custody and control of, Medicare, the defendants herein did submit and cause to be submitted the following false and fraudulent claims for reimbursement to Medicare for services not rendered:

| COUNT | BENEFICIARY | LISTED PROVIDER | DATE OF PURPORTED SERVICE | DATE OF CLAIM | AMOUNT CLAIMED | AMOUNT PAID BY MEDICARE |
|---|---|---|---|---|---|---|
| SEVENTEEN | G.S. | Rehab Dynamics | 1/21/2008 | 3/6/2008 | $100.00 | $54.55 (sent to escrow) |
| EIGHTEEN | T.M. | Rehab Dynamics | 1/21/2008 | 3/6/2008 | $30.00 | $12.30 (sent to escrow) |
| NINETEEN | R.Y. | Rehab Dynamics | 1/21/2008 | 3/6/2008 | $100.00 | $58.43 (sent to escrow) |
| TWENTY | P.H. | Rehab Dynamics | 1/23/2008 | 3/6/2008 | $60.00 | $40.40 (sent to escrow) |

All in violation of Title 18, United States Code, Sections 1347 and 2.

18

## COUNT TWENTY-ONE
### (False Statements Relating to Health Care Matters)
### (18 U.S.C. § 1035(a)(2))

### Introduction

1.      The Grand Jury hereby re-alleges Paragraphs 1 through 27 of Count One of this Indictment and incorporates by reference those paragraphs as though fully set forth herein.

### The Charge

2.      On or about February 26, 2008, in the Middle District of Florida, and elsewhere, in a matter involving a health care benefit program affecting commerce, that is, Medicare, the defendant herein,

ROBERTO FERNANDEZ GONZALEZ
a/k/a "Roberto Fernandez",

did knowingly and willfully make materially false, fictitious, and fraudulent statements and representations, and did make and use materially false writings and documents, knowing the same to contain materially false, fictitious, and fraudulent statements and entries, in connection with the delivery of and payment for health care benefits, items, and services, that is, the defendant falsely represented on a DDE User ID Compliance Statement that he was the owner of Rehab Dynamics, Inc., when, in truth and fact, and as the defendant then and there well knew, he was really the nominee owner of Rehab Dynamics, Inc. for the benefit of co-defendants LUIS DULUC and MARGARITA GRISHKOFF.

In violation of Title 18, United States Code, Sections 1035(a)(2) and 2.

19

## COUNTS TWENTY-TWO through TWENTY-SEVEN
### (False Statements Relating to Health Care Matters - 18 U.S.C. § 1035(a)(2))
### (Rehab Dynamics, Polk Rehab, and Renew Therapy)

### Introduction

1.     The Grand Jury hereby re-alleges Paragraphs 1 through 27 of Count

One of this Indictment and incorporates by reference those paragraphs as though

fully set forth herein.

### The Charges

2.     On or about the dates set forth below in each count, in the Middle

District of Florida, and elsewhere, in a matter involving a health care benefit program

affecting commerce, that is, Medicare, the defendants herein,

LUIS DULUC
and
MARGARITA GRISHKOFF,

did knowingly and willfully make materially false, fictitious, and fraudulent statements

and representations, and did make and use materially false writings and documents,

knowing the same to contain materially false, fictitious, and fraudulent statements

and entries, in connection with the delivery of and payment for health care benefits,

items, and services, that is, in submitting claims for payment under Medicare, and

causing the submission of such claims, the defendants did falsely claim that certain

services were provided to the Medicare beneficiaries named below in each count,

when, in fact, no such services were provided:

| COUNT | BENEFICIARY | LISTED PROVIDER | DATE OF PURPORTED SERVICE | DATE OF CLAIM | AMOUNT CLAIMED | AMOUNT PAID BY MEDICARE |
|---|---|---|---|---|---|---|
| TWENTY-TWO | B.W. | Rehab Dynamics | 1/9/2008 | 2/5/2008 | $30.00 | $19.74 |
| TWENTY-THREE | T.M. | Polk Rehab | 1/14/2008 | 4/3/2008 | $30.00 | $22.63 (check voided) |
| TWENTY-FOUR | P.H. | Polk Rehab | 1/18/2008 | 4/3/2008 | $30.00 | $12.30 (check voided) |
| TWENTY-FIVE | M.O. | Renew Therapy | 6/11/2008 | 6/24/2008 | $30.13 | $23.19 |
| TWENTY-SIX | G.L. | Renew Therapy | 6/25/2008 | 8/15/2008 | $30.13 | $23.19 |
| TWENTY-SEVEN | M.B. | Renew Therapy | 3/24/2008 | 8/27/2008 | $30.13 | $23.19 |

All in violation of Title 18, United States Code, Sections 1035(a)(2) and 2.

## COUNTS TWENTY-EIGHT through THIRTY-ONE
### (False Statements Relating to Health Care Matters - 18 U.S.C. § 1035(a)(2))
### (Rehab Dynamics under Nominee Ownership)

### Introduction

1.      The Grand Jury hereby re-alleges Paragraphs 1 through 27 of Count One of this Indictment and incorporates by reference those paragraphs as though fully set forth herein.

### The Charges

2.      On or about the dates set forth below in each count, in the Middle District of Florida, and elsewhere, in a matter involving a health care benefit program affecting commerce, that is, Medicare, the defendants herein,

LUIS DULUC,
MARGARITA GRISHKOFF,
and
ROBERTO FERNANDEZ GONZALEZ
a/k/a "Roberto Fernandez",

21

did knowingly and willfully make materially false, fictitious, and fraudulent statements and representations, and did make and use materially false writings and documents, knowing the same to contain materially false, fictitious, and fraudulent statements and entries, in connection with the delivery of and payment for health care benefits, items, and services, that is, in submitting claims for payment under Medicare, and causing the submission of such claims, the defendants did falsely claim that certain services were provided to the Medicare beneficiaries named below in each count, when, in fact, no such services were provided:

| COUNT | BENEFICIARY | LISTED PROVIDER | DATE OF PURPORTED SERVICE | DATE OF CLAIM | AMOUNT CLAIMED | AMOUNT PAID BY MEDICARE |
|---|---|---|---|---|---|---|
| TWENTY-EIGHT | G.S. | Rehab Dynamics | 1/21/2008 | 3/6/2008 | $100.00 | $54.55 (sent to escrow) |
| TWENTY-NINE | T.M. | Rehab Dynamics | 1/21/2008 | 3/6/2008 | $30.00 | $12.30 (sent to escrow) |
| THIRTY | P.H. | Rehab Dynamics | 1/23/2008 | 3/6/2008 | $60.00 | $40.40 (sent to escrow) |
| THIRTY-ONE | C.M. | Rehab Dynamics | 2/27/2008 | 3/6/2008 | $80.00 | $0.00 (claim denied) |

All in violation of Title 18, United States Code, Sections 1035(a)(2) and 2.

## COUNTS THIRTY-TWO through THIRTY-FIVE
### (Aggravated Identity Theft - 18 U.S.C. § 1028A(a)(1))

### COUNT THIRTY-TWO

On or about March 6, 2008, in the Middle District of Florida, and

elsewhere, the defendants herein,

### LUIS DULUC,
### MARGARITA GRISHKOFF,
### and
### ROBERTO FERNANDEZ GONZALEZ
### a/k/a "Roberto Fernandez",

did knowingly transfer, possess, and use, without lawful authority, means of

identification of another person, to wit: the name of Medicare beneficiary P.H. and

P.H.'s Medicare health insurance claim number, during and in relation to a felony

violation of Title 18, United States Code, Sections 1035, 1347, and 1349, that is,

making a false statement relating to a health care matter and health care fraud as

alleged in Counts One, Twenty, and Thirty of this Indictment.

In violation of Title 18, United States Code, Sections 1028A(a)(1) and 2.

### COUNT THIRTY-THREE

On or about March 6, 2008, in the Middle District of Florida, and

elsewhere, the defendants herein,

### LUIS DULUC,
### MARGARITA GRISHKOFF,
### and
### ROBERTO FERNANDEZ GONZALEZ
### a/k/a "Roberto Fernandez",

did knowingly transfer, possess, and use, without lawful authority, means of

identification of another person, to wit: the name of Medicare beneficiary T.M. and

23

T.M.'s Medicare health insurance claim number, during and in relation to a felony violation of Title 18, United States Code, Sections 1035, 1347, and 1349, that is, making a false statement relating to a health care matter and health care fraud as alleged in Counts One, Eighteen, and Twenty-Nine of this Indictment.

In violation of Title 18, United States Code, Sections 1028A(a)(1) and 2.

## COUNT THIRTY-FOUR

On or about April 2, 2008, in the Middle District of Florida, and elsewhere, the defendants herein,

LUIS DULUC
and
MARGARITA GRISHKOFF,

did knowingly transfer, possess, and use, without lawful authority, means of identification of another person, to wit: the name and Unique Physician Identification Number of physician A.B., during and in relation to a felony violation of Title 18, United States Code, Sections 1347 and 1349, that is, health care fraud, in connection with the false and fraudulent claims alleged in Counts One and Eight of this Indictment.

In violation of Title 18, United States Code, Sections 1028A(a)(1) and 2.

## COUNT THIRTY-FIVE

On or about February 26, 2008, in the Middle District of Florida, and elsewhere, the defendants herein,

LUIS DULUC
and
MARGARITA GRISHKOFF,

24

did knowingly transfer, possess, and use, without lawful authority, means of identification of another person, to wit: the name and Unique Physician Identification Number of physician Y.V., during and in relation to a felony violation of Title 18, United States Code, Sections 1347 and 1349, that is, health care fraud, in connection with the false and fraudulent claims alleged in Counts One and Seven of this Indictment.

In violation of Title 18, United States Code, Sections 1028A(a)(1) and 2.

## COUNTS THIRTY-SIX through THIRTY-NINE
### (Illegal Monetary Transactions - 18 U.S.C. § 1957)

### Introduction

1.      The Grand Jury hereby re-alleges Paragraphs 1 through 27 and 29 of Count One of this Indictment and incorporates by reference those paragraphs as though fully set forth herein.

### The Charges

2.      On or about the dates set forth below in each count, in the Middle District of Florida, and elsewhere,

ROBERTO FERNANDEZ GONZALEZ
a/k/a "Roberto Fernandez",

the defendant herein, did knowingly engage and attempt to engage in the described monetary transactions, affecting interstate and foreign commerce, in criminally derived property of a value greater than $10,000, such property having been derived from specified unlawful activity, that is, mail fraud and health care fraud, in violation of Title 18, United States Code, Sections 1341, 1347, and 1349:

25

| COUNT | DATE | MONETARY TRANSACTION |
|-------|------|----------------------|
| **THIRTY-SIX** | February 29, 2008 | Defendant caused a cash withdrawal of funds in the approximate amount of $56,375.00 by writing a $56,375.00 check out to himself (check no. 1002), drawn on account number xxxxxxxxxxx2117 at JPMorgan Chase Bank, N.A., and presenting that check to a check-cashing entity doing business as La Bamba Check Cashing. |
| **THIRTY-SEVEN** | February 29, 2008 | Defendant caused a cash withdrawal of funds in the approximate amount of $35,780.00 by writing a $35,780.00 check out to himself (check no. 1006), drawn on account number xxxxxxxxxxx2117 at JPMorgan Chase Bank, N.A., and presenting that check to a check-cashing entity doing business as La Bamba Check Cashing. |
| **THIRTY-EIGHT** | March 5, 2008 | Defendant caused a cash withdrawal of funds in the approximate amount of $57,500.00 by writing a $57,500.00 check out to himself (check no. 1008), drawn on account number xxxxxxxxxxx2117 at JPMorgan Chase Bank, N.A., and presenting that check to a check-cashing entity doing business as La Bamba Check Cashing. |
| **THIRTY-NINE** | March 10, 2008 | Defendant caused a cash withdrawal of funds in the approximate amount of $57,500.00 by writing a $57,500.00 check out to himself (check no. 1009), drawn on account number xxxxxxxxxxx2117 at JPMorgan Chase Bank, N.A., and presenting that check to a check-cashing entity doing business as La Bamba Check Cashing. |

In violation of Title 18, United States Code, Sections 1957 and 2.

26

## FORFEITURES

1.      The allegations contained in Counts One through Thirty-One and

Thirty-Six through Thirty-Nine of this Indictment are hereby realleged and

incorporated by reference for the purpose of alleging forfeitures pursuant to Title 18,

United States Code, Sections 982(a)(1) and 982(a)(7).

2.      Upon conviction of the violations alleged in Count One of this

Indictment, punishable by imprisonment for more than one year, the defendants,

LUIS DULUC,
MARGARITA GRISHKOFF,
and
ROBERTO FERNANDEZ GONZALEZ
a/k/a "Roberto Fernandez",

shall forfeit to the United States of America, pursuant to Title 18, United States Code,

Section 982(a)(7), any and all right, title, and interest they may have in any property,

real or personal, which constitutes or is derived, directly or indirectly, from gross

proceeds traceable to such violations, including, but not limited to, a forfeiture money

judgment of at least $14,424,856.13, representing the amount of proceeds obtained

as a result of the conspiracy, for which the defendants shall be jointly and severally

liable.

3.      Upon conviction of the violations alleged in Counts Two through

Sixteen of this Indictment, punishable by imprisonment for more than one year, the

defendants,

LUIS DULUC
and
MARGARITA GRISHKOFF,

27

shall forfeit to the United States of America, pursuant to Title 18, United States Code, Section 982(a)(7), any and all right, title, and interest they may have in any property, real or personal, which constitutes or is derived, directly or indirectly, from gross proceeds traceable to such violations, including, but not limited to, a forfeiture money judgment of at least $9,606,249.07, representing the amount of proceeds obtained as a result of the scheme, for which they shall be jointly and severally liable.

4.     Upon conviction of the violations alleged in Counts Seventeen through Twenty of this Indictment, punishable by imprisonment for more than one year, the defendants,

LUIS DULUC,
MARGARITA GRISHKOFF,
and
ROBERTO FERNANDEZ GONZALEZ
a/k/a "Roberto Fernandez",

shall forfeit to the United States of America, pursuant to Title 18, United States Code, Section 982(a)(7), any and all right, title, and interest they may have in any property, real or personal, which constitutes or is derived, directly or indirectly, from gross proceeds traceable to such violations, including, but not limited to, a forfeiture money judgment of at least $446,738.85, representing the amount of proceeds obtained as a result of the scheme, for which they shall be jointly and severally liable.

5.     Upon conviction of the violations alleged in Count Twenty-One, punishable by imprisonment for more than one year, the defendant,

ROBERTO FERNANDEZ GONZALEZ
a/k/a "Roberto Fernandez",

28

shall forfeit to the United States of America, pursuant to Title 18, United States Code, Section 982(a)(7), any and all right, title, and interest he may have in any property, real or personal, which constitutes or is derived, directly or indirectly, from gross proceeds traceable to the violation.

6.      Upon conviction of the violations alleged in Counts Twenty-Two through Twenty-Seven, punishable by imprisonment for more than one year, the defendants,

LUIS DULUC
and
MARGARITA GRISHKOFF,

shall forfeit to the United States of America, pursuant to Title 18, United States Code, Section 982(a)(7), any and all right, title, and interest they may have in any property, real or personal, which constitutes or is derived, directly or indirectly, from gross proceeds traceable to such violations.

7.      Upon conviction of the violations alleged in Counts Twenty-Eight through Thirty-One, punishable by imprisonment for more than one year, the defendants,

LUIS DULUC,
MARGARITA GRISHKOFF,
and
ROBERTO FERNANDEZ GONZALEZ
a/k/a "Roberto Fernandez",

shall forfeit to the United States of America, pursuant to Title 18, United States Code, Section 982(a)(7), any and all right, title, and interest they may have in any property, real or personal, which constitutes or is derived, directly or indirectly, from gross proceeds traceable to such violations.

29

8.      Upon conviction of the violations alleged Counts Thirty-Six through Thirty-Nine of this Indictment, punishable by imprisonment for more than one year, the defendant,

ROBERTO FERNANDEZ GONZALEZ
a/k/a "Roberto Fernandez",

shall forfeit to the United States of America, pursuant to Title 18, United States Code, Section 982(a)(1), any and all right, title, and interest he may have in any property, real or personal, involved in such offenses, or any property traceable to such violations, including, but not limited to, a forfeiture money judgment of at least $207,155.00, representing the amount of proceeds obtained as a result of such violations.

9.      If any of the property described above, as a result of any act or omission of the defendants:

      a.      cannot be located upon the exercise of due diligence;

      b.      has been transferred or sold to, or deposited with, a third party;

      c.      has been placed beyond the jurisdiction of the court;

      d.      has been substantially diminished in value; or

      e.      has been commingled with other property which cannot be divided without difficulty,

30

the United States of America shall be entitled to forfeiture of substitute property

under the provisions of Title 21, United States Code, Section 853(p), as incorporated

by Title 18, United States Code, Section 982(b)(1).

A TRUE BILL,

FOREPERSON

ROBERT E. O'NEILL
United States Attorney

By: SIMON GAUGUSH
Assistant United States Attorney

By: ROBERT MOSAKOWSKI
Assistant United States Attorney
Chief, Economic Crimes Section

# UNITED STATES DISTRICT COURT

Middle District of Florida
Tampa Division

## THE UNITED STATES OF AMERICA

vs.

**LUIS DULUC,**
**MARGARITA GRISHOFF,**
and
**ROBERTO FERNANDEZ GONZALEZ**
a/k/a/ Roberto Fernandez

## SUPERSEDING INDICTMENT

Violations:

Title 18, United States Code, Section 1349 - Count 1
Title 18, United States Code, Section 1347 - Counts 2 to 20
Title 18, United States Code, Section 1035(a)(2) - Counts 21 to 31
Title 18, United States Code, Section 1028(A)(a)(1) - Counts 32 to 35
Title 18, United States Code, Section 1957 - Counts 36 to 39

A true bill,

Foreperson

Filed in open court this 19th day of February, 2013.

_____
Clerk

Bail  $_____